No. 632

WATKINS CO. v. HARTZELL et

No. 19860. Supreme Court

On motion to certify. Dock. June 2, 1926; 4 Abs. 379.

**1140. SURETYSHIP—Is a contract which provides for the unconditional "Promise and guaranty" of any indebtedness arising under a contract one of suretyship or one of guaranty?**

The J. R. Watkins Company brought this against Elmer Hartzell and other alleged sureaction originally in the Darke Common Pleas ties to recover a balance due under a contract entered into by and between the J. R. Watkins Company and one R. B. Wenger.

The agreement in question contained in part the following:

"We, the undersigned sureties, do hereby waive notice of the acceptance of this agreement and diligence in bringing action against the second party, and jointly, severally and unconditionally prmoise and guarantee the full and complete payment of said indebtedness, the amount of which is now written in said agreement, and for said goods and other articles, and the prepaid freight and express charges thereon, at the time and place, and in the manner in said agreement."

The Common Pleas directed a verdict for the Watkins Company for the full amount and entered judgment thereon, which judgment was reversed by the Court of Appeals on the ground that said contract was one of both agency and suretyship and that therefore evidence should have been admitted to support

The Watkins Company in the Supreme Court the defenses claimed.

contends:

1. That the contract in question is one of suretyship and that therefore the claimed defenses cannot be set up because the signing of the contract is admitted and is one of surety.

2. That the contract is not a contract of guaranty but of suretyship.

Attorneys—Myers & Myers for Watkins Co; M. B. Trainor, Mannix, Crawford & Billingsley for Hartzell et; all of Greenville.

No. 633

KERMAN et v. BUILDING & LOAN CO.

No. 19863. Supreme Court

On motion to certify. Dock. June 4, 1926.

**147. BILS & NOTES—When a construction loan has been granted on mortgage security and the note negotiated before the payment of the full amount of the loan, the mortgagee going into the hands of a receiver in the meantime, may the second holder of the note maintain an action in foreclosure and for personal judgment for the face of the note?**

The Ashland Building & Loan Company brought this action originally in the Cuyahoga Common Pleas against Mary S. Kerman et for foreclosure of a mortgage and for personal judgment on a note.

It appears that Kerman had been granted a construction loan for $12,500 by the Cleveland Discount Company and that a note for this amount and a mortgage seeking the same had been executed. The Discount Company paid $10,618 on said loan and then negotiated the note and its security to the Ashland Buildig & Loan Co. In the meantime a receiver had been appointed for the Cleveland Discount Company.

The Common Pleas decreed foreclosure and rendered personal judgment against Kerman for $10,618.

The Court of Appeals rendered judgment for the full amount called for by the note.

Kerman in the Supreme Court contends:

1. That the note was not complete on its face because of certain provisions contanied therein specifying the terms of the mortgage, thereby maknig it non-negotiable.

2. That the Building & Loan Company is not a bona fide holder in due course because under the law in a transaction of this kind the status of the transaction is known to the transferee.

Attorneys—S. J. Krohn, E. Blythin, Cleveland, for Pltf.; Tolles, Hogsett, Ginn & Morley, Cleveland, for Deft.

No. 634

FERRANDO et v. CICCHINO et

No. 19864. Supreme Court

On motion to certify. Dock. June 4, 1926.

**677. JUDGMENTS—1. Where a petition is filed in which those sought to vacate a judgment after term and there is evidence to show that sickness allaged in the petition as a ground for vacation did not prevent the plaintiff from defending, should the judgment be vacated?**

**2. Is an action for the vacation of a judgment after the term in which it is rendered an action in equity and therefore appealable, or is it an action at law?**

Carmine and Raffaela Cicchino filed a petition in the Cuyahoga Common Pleas whereby it was sought to effect the vacation of a judgment.

It appears that Amedeo Ferrando et filed suit against Cicchino and that during the pendency of that action Cicchino conveyed certain real estate to his wife Raffaela. Pursuant to the rendition of judgment against Cicchino, Ferrando filed to suit to set aside the conveyance in order to subject it to the payment of his judgment. Cicchino thereupon filed a petition to vacate the judgment, the grounds for vacation being that illness prevented him from defending the action. A good defense to the action was submitted. There was some evidence to show that Cicchino was not ill at the time judgment was taken.

The Common Pleas Court vacated the judgment and allowed Cicchino to file an answer setting up a defense.

The Appeals refused to consider the action on the ground that it had no jurisdiction because the action was not in equity.

Ferrando in the Supreme Court contends:

1. That by reason of the evidence the illness alleged in the petition that a cause of action is not stated.

2. That this case is an action in equity and not at law. OA. 4 Abs. 321.

Attorneys—Gaughan & Collins and Nichola & Horn, Cleveland, for Pltf.; Jacobsen & Jacobsen, Cleveland, for Deft.